# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **RHONDA C. RICKER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV00054 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

In this social security case, I affirm the final decision of the Commissioner.

## I. Background.

Rhonda C. Ricker filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for supplemental security income ("SSI") under title XVI of the Social Security Act, 42 U.S.C.A. §§ 1381-1383f (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision and whether the correct law was applied. *See* 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2005); *Hays v. Sullivan*, 907

F.2d 1453, 1456 (4th Cir. 1990). If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Ricker applied for benefits on January 10, 2002, alleging disability since April 28, 1998, and received a hearing before an administrative law judge ("ALJ") on March 31, 2003. By decision dated April 22, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Ricker was thirty-five years old at the time of the ALJ's decision. She has a high school education, and past relevant work experience as a cashier and waitress, a receptionist, and a cosmetologist. Ricker claims disability due to back and neck pain, anxiety, and panic attacks. The ALJ found that the plaintiff has not engaged in

-2-

substantial gainful activity since April 28, 1998, the alleged onset date of disability.

The record includes medical evidence from Lonesome Pine Hospital; Roman Karpynec, M.D.; Robert T. Strang, M.D.; Johnson City Medical Center Hospital; Lawrence P. Shank, M.D.; Wise County Behavioral Health Services; R. Michael Moore, M.D.; B. Wayne Lanthorn, Ph.D.; Kevin Blackwell, D.O.; Edward E. Latham, Ph.D.; Arthur Harris, M.D.; and St. Mary's Hospital.

Based upon the evidence, the ALJ determined that the plaintiff has severe impairments, but is able to return to her past relevant work.

## *III. Analysis.*

Ricker argues that the decision of the ALJ was not based on substantial evidence. Specifically, she alleges that the ALJ erred by (1) improperly determining her RFC; (2) failing to find that she meets or equals the requirements in Listing 12.06; and (3) failing to classify her impairments as severe. For the following reasons, I disagree.

*A*

First, I will address Ricker's argument that the ALJ improperly determined her RFC.

-3-

In reviewing for substantial evidence, I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *See Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, "[t]he issue before [me], therefore, is not whether [Ricker] is disabled, but whether the ALJ's finding that [she] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *see Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d) (2005). A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1) (2005). Generally, an expert's opinion is given more weight the more the medical source presents relevant evidence to support it and the better the source explains the opinion. *See* 20 C.F.R. § 404.1527(d)(3)

(2005). In addition, the more consistent the opinion is with the record as a whole, the more weight it will be given. *See* 20 C.F.R. § 404.1527(d)(4) (2005). Medical findings must also be supported by "medically acceptable clinical and laboratory diagnostic techniques." *See* 20 C.F.R. § 404.1526(b) (2005).

RFC is defined as what a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a) (2005). In this case, the ALJ's opinion, as it relates to the plaintiff's RFC to perform light work, is supported by substantial medical evidence in the record. In determining the plaintiff's RFC, the ALJ properly relied on the available medical sources, including Dr. Blackwell and the state agency physicians. Dr. Blackwell reported that the plaintiff was limited in reaching above her head, particularly on the right side, but that her overall strength permitted her to lift "40 pounds maximally, 30 pounds intermittently and 15 to 20 pounds frequently." (R. at 247.) He added that the plaintiff should be able to sit and stand for eight hours in an eight-hour day with normal positional changes required by law. (*Id*.) Similarly, in a RFC assessment, two state agency physicians concluded that the plaintiff could lift twenty pounds occasionally and ten pounds frequently, with climbing and overhead reaching restrictions. (R. at 271-73.) In determining that the plaintiff had no more than mild emotional limitations, the ALJ relied on the plaintiff's mental health records and the opinion of Dr. Lanthorn (R. at 21), who reported that the plaintiff had no significant

-5-

limitations in her ability to adapt, understand and remember, sustain concentration and persistence, and maintain socially appropriate behaviors and interact appropriately with others. (R. at 242.) Based on these medical opinions, the ALJ found that the plaintiff had the RFC for "light work which does not involve overhead reaching, crawling, stooping, squatting or climbing (particularly ladders)." (R. at 22.) Therefore, the ALJ's assessment of the plaintiff's RFC is consistent with the medical sources and supported by substantial evidence in the record.

*B*

Next, Ricker argues that the ALJ erred by failing to find that she meets or equals the requirements in Listing 12.06.

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2005). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2005). Here, Ricker

-6-

Case 2:04-cv-00054-JPJ-PMS   Document 15   Filed 08/31/05   Page 6 of 11   Pageid#: 87

sought benefits for, among other impairments, anxiety. The ALJ determined that this impairment did not meet or equal the requirements in Listing 12.06.

Listing 12.06 of Appendix 1 includes anxiety related disorders. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, listing 12.06. There is substantial evidence to support the ALJ's conclusion that the plaintiff did not meet or equal Listing 12.06 because the plaintiff did not have the required symptoms of that listing.[1] The record does not demonstrate that the plaintiff has motor tension, autonomic hyperactivity, apprehensive expectation, or vigilance scanning. Nor does the record indicate that the plaintiff has recurrent severe panic attacks or recurrent intrusive recollections of a traumatic experience.[2] Indeed, the plaintiff testified that she experiences panic attacks only once

---

[1] Listing 12.06 states that the requirements in parts A and B must be met, or the requirements in parts A and C. Part A requires (1) generalized persistent anxiety accompanied by three of the following symptoms: motor tension, autonomic hyperactivity, apprehensive expectation, or vigilance scanning; or (2) a persistent irrational fear of a specific object, activity, or situation, with a compelling desire to avoid the fear; or (3) recurrent severe panic attacks (average of at least one per week); or (4) recurrent obsessions or compulsions which are a source of marked distress; or (5) recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress. Part B requires marked restrictions or difficulties in two of the following: activities of daily living, maintaining social functioning, maintaining concentration, or repeated episodes of decompensation. Part C requires complete inability to function independently outside the area of one's home. 20 C.F.R. pt. 404, subpt. P, app.1, listing 12.06.

[2] While there is evidence that the plaintiff suffered from post-traumatic stress disorder that resulted from a car accident in 1999 (R. at 285-86, 190-91), this evidence does not necessitate a finding that the plaintiff met or equaled Listing 12.06. Even if the plaintiff met the traumatic experience requirement for 12.06A, she would also have to meet the functioning requirement in Part B or C of Listing 12.06. As discussed, there is substantial

-7-

every two to three months. (R. at 316.) Moreover, the record does not demonstrate that the plaintiff had the required restrictions in activities of daily living. As the ALJ noted, the plaintiff reported that her daily activities included watching television, taking care of her plants and pets, visiting her children every other weekend, talking to friends on the phone, paying bills, grocery shopping, washing dishes, cooking, and attending church. (R. at 18.) Also, Dr. Lanthorn opined that "[i]n terms of social interactions, no significant limitations are present." (R. at 242.) Dr. Lanthorn added that the plaintiff had no significant limitations in her ability to understand and remember or sustain concentration and persistence. (*Id.*) Therefore, there is substantial evidence to support the ALJ's conclusion that the plaintiff did not meet or equal Listing 12.06.

*C*

Finally, Ricker argues that the ALJ erred by failing to classify her impairments as severe.[3]

For the same reasons there is substantial evidence to support the ALJ's finding that the plaintiff does not meet or equal Listing 12.06. There is substantial evidence to support the ALJ's decision that the plaintiff's mental impairment is not severe. That

---

evidence to support the ALJ's decision that the plaintiff does not meet the requirements in Part B or C.

[3] The ALJ did find that the plaintiff's musculoskeletal impairments were severe. (R. at 20.)

-8-

decision is entitled to a great deal of deference and will be upset only if it is not supported by substantial evidence. *See Laws*, 368 F.2d at 642. It is the Commissioner's duty to receive evidence and establish the facts, not the court's. My role in these proceedings is simply to assess the reasonableness of the Commissioner's conclusions and determine whether they are supported by substantial evidence. Accordingly, I will not re-weigh contested evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. Should I find that the Commissioner's final judgment is supported by substantial evidence, I will affirm that decision, even if the record could support an equally reasonable, though alternate, conclusion.

According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2005). The regulations define "basic work activities" as the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2005).

Although it is a claimant's burden to provide evidence that he suffers from a severe impairment, *see Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. §§ 404.1512, .1514, 416.912, .914 (2005), in order to satisfy that burden of proof at step two of the evaluation process the evidence need only be "de minimis." *See Hawkins,* 113 F.3d at 1169. Ricker has not met this burden. Although she has presented evidence of anxiety, the question on this benefits appeal is not whether such an impairment exists, but whether her condition sufficiently restricts her ability to work. Because the regulations do not conclusively establish the point at which an individual's impairments become severe, such a factual determination is relegated to the Commissioner or her agents.

Based on the record, it was reasonable for the ALJ to find that the plaintiff's anxiety is not severe because it does not sufficiently restrict her ability to work. The ALJ noted that after an initial diagnosis of anxiety in 2000, the plaintiff did not seek further treatment for anxiety until January 2002, when she was assigned a Global Assessment of Functioning score of 60. (R. at 18.) The ALJ pointed out that this score is on the upper end of the scale of moderate limitations, with a score of 61 indicating only slight limitations in social and occupational functioning. (*Id*.) Moreover, as discussed, Dr. Lanthorn reported that the plaintiff had no significant limitations in her ability to adapt, understand and remember, sustain concentration and persistence, and

maintain socially appropriate behaviors and interact appropriately with others. (R. at 242.) Therefore, I find that the Commissioner's decision is supported by substantial evidence and is framed in accordance with the law.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: August 31, 2005

/s/ JAMES P. JONES
Chief United States District Judge